IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM DANIEL MCHOSE, :
    Plaintiff :
     : No. 1:18-cv-1655
    v. :
     : (Judge Rambo)
SCHUYLKILL COUNTY :
PRISON, *et al.*, :
    Defendants :

# MEMORANDUM

## I. BACKGROUND

*Pro se* Plaintiff William Daniel McHose ("McHose"), who was previously incarcerated at the Berks County Jail, initiated this civil action by filing a complaint pursuant to 42 U.S.C. § 1983 on August 6, 2018 in the United States District Court for the Eastern District of Pennsylvania, naming as Defendants the Schuylkill County Prison and Correctional Officers Borger and Sabol.[1] (Doc. No. 1.) McHose alleges that while incarcerated at the Schuylkill County Prison, he was in a physical altercation with another inmate. (*Id.* at 5.) As soon as Defendant Borger told McHose to stop fighting, he did so and was then thrown to the ground. (*Id.*) McHose alleges that Borger hit him in the face three (3) times with a closed fist, and that Sabol "was behind [him] kneeing [him]." (*Id.*) McHose was then picked up and slammed into the wall,

---
[1] The case was transferred from the Eastern District of Pennsylvania to the Middle District of Pennsylvania on August 21, 2019.

chipping his right front tooth. (*Id.*) McHose was taken to the medical department but alleges that he was denied medical treatment when Sabol said he was "getting cocky with the nurses." (*Id.*) He was subsequently "put in 'the hole.'" (*Id.*)

McHose has alleged a violation of the Eighth Amendment's prohibition on cruel and unusual punishment. By Order entered on September 6, 2018, the Court dismissed the Schuylkill County Prison as a Defendant and directed service of the complaint on Borger and Sabol (hereinafter "Defendants"). (Doc. No. 11.)

On October 25, 2018, Defendants filed a motion to dismiss, asserting that McHose had failed to properly exhaust his administrative remedies against them prior to filing the instant action. (Doc. Nos. 20, 21, 22.) Pursuant to *Paladino v. Newsome*, 885 F.3d 203 (3d Cir. 2018), the Court issued a *Paladino* Order, informing the parties that it would consider the exhaustion issue in the context of summary judgment, and by doing so, would consider matters outside the pleadings in its role as factfinder. (Doc. No. 23.) The Court afforded the parties additional time in which to file supplemental materials specifically addressing the exhaustion issue. (*Id.*)

In accordance with the Court's December 12, 2018 *Paladino* Order, Defendants filed a statement of facts (Doc. No. 24), as well as their supplemental documents and exhibits (Doc. Nos. 25, 26), on December 21, 2018. McHose, in contravention of this Court's December 12, 2018 Order and Local Rule 56.1, neither responded to the

motion to dismiss nor filed a statement of facts specifically responding to the numbered paragraphs in Defendants' statement.

By Order entered on March 26, 2019 (Doc. No. 27), the Court noted that Defendants' statement of facts was missing paragraphs seven (7) and eight (8). The Court therefore ordered Defendants to refile their statement of facts, including those paragraphs, within seven (7) days. (Doc. No. 27 at 3.) The Court also noted that within fourteen (14) days of the date that Defendants refiled their statement of facts, McHose should file a brief in opposition addressing the issue of administrative exhaustion, as well as a statement of material facts specifically responding to the numbered paragraphs in Defendants' refiled statement. (*Id.*) Defendants refiled their statement of facts on March 27, 2019. (Doc. No. 28.) McHose, in contravention of this Court's March 26, 2019 Order and Local Rule 56.1, once again neither responded to the motion to dismiss nor filed a statement of facts specifically responding to Defendants' refiled statement. Accordingly, because the time period for McHose to respond has expired, Defendants' motion to dismiss is ripe for resolution.

## II. STANDARD OF REVIEW

Defendants initially filed a motion to dismiss. (Doc. No. 20.) However, Defendants raised the issue of whether McHose had exhausted his administrative remedies. (*Id.*) Consequently, the Court issued a *Paladino* Order informing the

parties that it would consider the exhaustion issue in the context of summary judgment. (Doc. No. 23.)

### A. Motion to Dismiss

When ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept as true all factual allegations in the complaint and all reasonable inferences that can be drawn from them, viewed in the light most favorable to the plaintiff. *See In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010). The Court's inquiry is guided by the standards of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Under *Twombly* and *Iqbal*, pleading requirements have shifted to a "more heightened form of pleading." *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). To prevent dismissal, all civil complaints must set out "sufficient factual matter" to show that the claim is facially plausible. *Id.* The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct. As the Supreme Court instructed in *Iqbal*, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).

Accordingly, to determine the sufficiency of a complaint under *Twombly* and *Iqbal*, the United States Court of Appeals for the Third Circuit has identified the following steps a district court must take when determining the sufficiency of a complaint under Rule 12(b)(6): (1) identify the elements a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief." *See Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (citation and quotation marks omitted).

In ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim, "a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)). A court may also consider "any 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case.'" *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (quoting 5B

Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 (3d Ed. 2004)).

In the context of *pro se* prisoner litigation specifically, the court must be mindful that a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

B. **Motion for Summary Judgment**

"When a motion to dismiss is converted into a motion for summary judgment the parties must be given notice of the conversion and an opportunity to present material to the court." *Latham v. United States*, 306 F. App'x 716, 718 (3d Cir. 2009); *see also Rose v. Bartle*, 871 F.2d 331, 342 (3d Cir. 1989). The parties have been given reasonable opportunities to present material relevant to the converted action. (*See* Doc. No. 23) (December 12, 2018 Order advising parties that the Court will consider the exhaustion issues in the context of summary judgment, and that McHose must oppose the motion as required by M.D. Pa. L.R. 56.1); (Doc. No. 27) (March 26, 2018 Order directing Defendants to refile their statement facts, including

6

paragraphs (7) and (8), and allowing McHose an additional fourteen (14) days to file a brief in opposition and a statement of material facts).

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" if there is sufficient evidence with which a reasonable jury could find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Childers v. Joseph*, 842 F.2d 689, 693-94 (3d Cir. 1988) (citing *Anderson*, 477 U.S. at 248). A factual dispute is "material" if it might affect the outcome of the case. *Anderson*, 477 U.S. at 248. In determining whether an issue of material fact exists, the court must consider the evidence in the light most favorable to the non-moving party. *Skerski v. Time Warner Cable Co.*, 257 F.3d 273, 278 (3d Cir. 2001); *White v. Westinghouse Elec, Co.*, 862 F.2d 56, 59 (3d Cir. 1988).

A party seeking summary judgment always bears the initial burden of informing the court of the basis of its motion and identifying those portions of the record that it believes demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The non-moving party then has the burden to "come forth with 'affirmative evidence, beyond the allegations of the

pleadings,' in support of its right to relief." *U.S. Bank, Nat'l Ass'n v. Greenfield*, No. 1:12-cv-2125, 2014 WL 3908127, *2 (M.D. Pa. Aug. 11, 2014) (quoting *Pappas v. City of Lebanon*, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004)). "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c)," a court may grant summary judgment or consider the fact undisputed for purposes of the motion. Fed. R. Civ. P. 56(e)(2-3).

## III. DEFENDANTS' STATEMENT OF FACTS[2]

Pursuant to the Schuylkill County Prison grievance policy, the Deputy Warden serves as the Grievance Coordinator. (Doc. No. 28 ¶ 5.) If an inmate wants to request a grievance form, he must write to the Deputy Warden, who will then

---

[2] The Local Rules of Court provide that in addition to filing a brief in opposition to the moving party's brief in support of its motion, "[t]he papers opposing a motion for summary judgment shall include a separate, short and concise statement of material facts responding to the numbered paragraphs set forth in the statement [of material facts filed by the moving party] . . . as to which it is contended that there exists a genuine issue to be tried." M.D. Pa. L.R. 56. 1. The Rule further requires the inclusion of references to the parts of the record that support the statements. *Id.* Finally, the Rule states that the statement of material facts required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party. *See id.* Unless otherwise noted, the factual background herein is taken from Defendants' Rule 56.1 corrected statement of material facts. (Doc. No. 28.) McHose has failed to file a response to Defendants' corrected statement of material facts in compliance with M.D. Pa. L.R. 56.1, and this Court is not "required to accept unsupported, self-serving testimony as evidence sufficient to create a jury question." *Hammonds v. Collins*, Civ. No. 12-236, 2016 WL 1621986, at *3 (M.D. Pa. Apr. 20, 2016) (citing *Brooks v. Am. Broad. Co.*, 999 F.2d 167, 172 (6th Cir. 1993)). The Court accordingly deems the facts set forth by Defendants to be undisputed. *See* M.D. Pa. LR 56. 1; Fed. R. Civ. P. 56(e)(2).

provide the form. (*Id.*) The procedure states that "a grievance is to be filed within 30 days of the incident complained of." (*Id.*) Upon receipt of a grievance, the Deputy Warden numbers it and issues a determination. (*Id.*) Inmates who are dissatisfied with the Deputy Warden's response may appeal to the Warden "within 10 days after response to the grievance is received." (*Id.* ¶ 6.) The Warden's response is final. (*Id.*)

On December 27, 2017, McHose filed a grievance regarding an incident that occurred in October of 2017 and which serves as the subject matter of the instant Complaint. (*Id.* ¶ 7.) This grievance was assigned number 1081. (*Id.*) On January 4, 2018, McHose filed another grievance "involving the same subject matter as Grievance 1081." (*Id.*) Both grievances were denied as untimely, as they were filed "beyond the time limit to file" them. (*Id.* ¶¶ 8-9.) McHose neither requested any appeal forms nor appealed the denial of his grievances to the Warden. (*Id.* ¶¶ 11-12.)

IV.   **DISCUSSION**

Given that Defendants' motion to dismiss has been converted to a motion for summary judgment by this Court upon notice to the parties, the Court analyzes the same under the summary judgment standard of review. Under the Prison Litigation Reform Act of 1996 ("PLRA"), a prisoner must pursue all available avenues for

9

relief through the prison's grievance system before bringing a federal civil rights action. *See* 42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001) ("[A]n inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues."). Section 1997(e) provides, in relevant part "[n]o action shall be brought with respect to prison conditions under section 1983 of the Revised Statutes of the United States, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997(e). The exhaustion requirement is mandatory. *Williams v. Beard*, 482 F.3d 637, 639 (3d Cir. 2007); *Booth*, 532 U.S. at 742 (holding that the exhaustion requirement of the PLRA applies to grievance procedures "regardless of the relief offered through administrative procedures").

The Third Circuit has further provided that there is no futility exception to § 1997e's exhaustion requirement. *Nyhuis v. Reno*, 204 F.3d 65, 75-76 (3d Cir. 2000). Courts have typically required across-the-board administrative exhaustion by inmates who seek to pursue claims in federal court. *Id.* Additionally, courts have imposed a procedural default component on this exhaustion requirement, holding that inmates must fully satisfy the administrative requirements of the inmate grievance process before proceeding into federal court. *Spruill v. Gillis*, 372 F.3d

218 (3d Cir. 2004). Courts have concluded that inmates who fail to fully, or timely, complete the prison grievance process are barred from subsequently litigating claims in federal court. *See e.g., Booth v. Churner*, 206 F.3d 289 (3d Cir. 2000); *Bolla v. Strickland*, 304 F. App'x 22 (3d Cir. 2008).

This broad rule favoring full exhaustion allows for a narrowly defined exception. If the actions of prison officials directly caused the inmate's procedural default on a grievance, the inmate will not be held to strict compliance with this exhaustion requirement. *See Camp v. Brennan*, 219 F.3d 279 (3d Cir. 2000). However, case law recognizes a clear "reluctance to invoke equitable reasons to excuse [an inmate's] failure to exhaust as the statute requires." *Davis v. Warman*, 49 F. App'x 365, 368 (3d Cir. 2002). Thus, an inmate's failure to exhaust will only be excused "under certain limited circumstances," *Harris v. Armstrong*, 149 F. App'x 58, 59 (3d Cir. 2005), and an inmate can defeat a claim of failure to exhaust only by showing "he was misled or that there was some extraordinary reason he was prevented from complying with the statutory mandate." *Warman*, 49 F. App'x at 368.

In the absence of competent proof that an inmate was misled by corrections officials, or some other extraordinary circumstances, inmate requests to excuse a failure to exhaust are frequently rebuffed by the courts. Thus, an inmate cannot

11

excuse a failure to timely comply with these grievance procedures by simply claiming that his efforts constituted "substantial compliance" with this statutory exhaustion requirement. *Harris v. Armstrong*, 149 F. App'x 58, 59 (3d Cir. 2005). Nor can an inmate avoid this exhaustion requirement by merely alleging that the administrative policies were not clearly explained to him. *Warman*, 49 F. App'x at 368. Thus, an inmate's confusion regarding these grievances procedures does not, standing alone, excuse a failure to exhaust. *Casey v. Smith*, 71 F. App'x 916 (3d Cir. 2003); *see also Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[I]t is well established that 'ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing.'") (citations omitted).

Recently, the Supreme Court considered what renders administrative remedies unavailable to an inmate such that a failure to exhaust can be excused. *See Ross v. Blake*, 136 S. Ct. 1850 (2016). The Court noted "three kinds of circumstances in which an administrative remedy, although officially on the books, is not capable of use to obtain relief." *Id.* at 1859. First, an administrative procedure is not available "when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates." *Id.* Second, a procedure is not available when it is "so opaque that it becomes, practically speaking, incapable of use." *Id.*

12

Finally, a procedure is unavailable when "prison administrators thwart inmates from taking advantage of a grievance process through machination, misinterpretation, or intimidation. *Id.* at 1860.

The Third Circuit recently joined other circuits to hold "that administrative remedies are not 'available' under the PLRA where a prison official inhibits an inmate from resorting to them through serious threats of retaliation and bodily harm." *Rinaldi v. United States*, 904 F.3d 257, 267 (3d Cir. 2018). To defeat a failure-to-exhaust defense based on such threats, "an inmate must show (1) that the threat was sufficiently serious that it would deter a reasonable inmate of ordinary firmness and fortitude from lodging a grievance and (2) that the threat actually did deter this particular inmate." *Id.* at 269.

Finally, failure to exhaust is an affirmative defense that must be pled by the defendant. *Jones v. Bock*, 549 U.S. 199, 216 (2007). "In a motion for summary judgment, where the movants have the burden of proof at trial, 'they [have] the burden of supporting their motion for summary judgment with credible evidence . . . that would entitle [them] to a directed verdict if not controverted at trial.'" *Foster v. Morris*, 208 F. App'x 174, 179 (3d Cir. 2006) (quoting *In re Bressman*, 327 F.3d 229, 237 (3d Cir. 2003) (internal quotations omitted)). If "the motion does not establish the absence of a genuine factual issue, the district court should deny

summary judgment even if no opposing evidentiary matter is presented." *Id.* (quoting *Nat'l State Bank v. Fed. Reserve Bank of N.Y.*, 979 F.2d 1579, 1582 (3d Cir. 1992) (internal quotations omitted)).

Defendants contend that McHose failed to properly exhaust his administrative remedies with respect to his claim that they used excessive force against him. In support, Defendants have submitted affidavits from Deputy Warden David Wapinsky (Doc. No. 20-1), Warden Eugene Berdanier (Doc. No. 20-4), and Lieutenant Michael Buchanan (Doc. No. 25). Deputy Warden Wapinsky affirms that McHose's two grievances regarding this incident were denied as untimely. (Doc. No. 20-1 ¶¶ 9-10.) Warden Berdanier affirms that McHose did not appeal the denial of these grievances. (Doc. No. 20-4 ¶ 3.)

Consequently, because the undisputed record reflects that McHose failed to properly exhaust his administrative remedies regarding his claim that the Defendants used excessive force against him, and because McHose has not "come forth with 'affirmative evidence, beyond the allegations of the pleadings,'" that refutes the defense that he has failed to properly exhaust this claim, *see U.S. Bank, Nat. Ass'n v. Greenfield*, Civ. No. 12-2125, 2014 WL 3908127, at *2 (M.D. Pa. Aug. 11, 2014) (quoting *Pappas v. City of Lebanon*, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004)), summary judgment will be entered in favor of Defendants.

## V. CONCLUSION

For the foregoing reasons,[3] Defendants' motion to dismiss (Doc. No. 20), converted to a motion for summary judgment, will be granted. An appropriate Order follows.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated: April 22, 2019

---

[3] In their motion, Defendants also argue that McHose's request for a specific amount of unliquidated damages should be stricken, as it violates Local Rule 8.1. (Doc. No. 21 at 15.) Given that Defendants are entitled to summary judgment because McHose failed to exhaust his administrative remedies, the Court declines to address this argument.